Zoom Tan, Inc. v Sheridan Plaza, LLC (2022 NY Slip Op 03630)

Zoom Tan, Inc. v Sheridan Plaza, LLC

2022 NY Slip Op 03630

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, AND CURRAN, JJ.

407 CA 21-00665

[*1]ZOOM TAN, INC., PLAINTIFF-RESPONDENT,
v
SHERIDAN PLAZA, LLC, DEFENDANT-APPELLANT. 

DAVIDSON FINK LLP, ROCHESTER (RICHARD N. FRANCO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
HARRIS BEACH PLLC, PITTSFORD (JAMES P. NONKES OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered May 4, 2021. The order denied the motion of defendant for summary judgment and granted the cross motion of plaintiff for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiff's cross motion, granting defendant's motion in part, and dismissing the complaint and as modified the order is affirmed without costs.
Memorandum: Plaintiff tenant commenced this action seeking specific performance of a lease between plaintiff and defendant landlord, alleging that defendant breached the lease by not constructing an agreed-upon buildout of the premises. Defendant counterclaimed for breach of contract, alleging that plaintiff was in default under the lease and thus defendant properly terminated the lease. Defendant moved for summary judgment dismissing the complaint and seeking an award of attorneys' fees on its counterclaim. Plaintiff cross-moved for summary judgment on its cause of action for specific performance or, alternatively, on its cause of action for breach of contract. Supreme Court denied the motion and granted the cross motion.
We agree with defendant that the court erred in granting plaintiff's cross motion and in denying that part of its motion for summary judgment seeking dismissal of the complaint, and we therefore modify the order accordingly. The lease provided that defendant could terminate the lease upon plaintiff's default, and section 27 (A) of the lease set forth events that constitute a default by the tenant, including where the tenant "shall generally not pay its debts as they become due." In support of its motion, defendant submitted evidence that plaintiff had failed to pay rent and thus was in default under two leases between plaintiff and defendant's related entities. Defendant also submitted a letter that plaintiff had sent to some of its landlords in which it admitted that it had received default notices under some leases. We therefore conclude that defendant established plaintiff's default under the lease for generally not paying its debts as they became due, which allowed defendant to terminate the lease, and plaintiff failed to raise a question of fact (see generally Zuckerman v City of New York , 49 NY2d 557, 562 [1980]).
We reject defendant's further contention, however, that the court erred in denying that part of its motion seeking attorneys' fees under section 27 (M) of the lease. Defendant failed to meet its initial burden of establishing that the attorneys' fees provision in the lease is applicable here (see generally id. ).
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court